UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HARDNEY,<br><br>　　　　Petitioner,<br><br>　v.<br><br>T. VIRGA,<br><br>　　　　Respondent. | No. 2:14-cv-826-MCE-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondent moves to dismiss (ECF No. 11), and for the reasons that follow, it is recommended that the motion be granted.

**I. Background**

Petitioner is serving a life sentence (with the possibility of parole) and is currently housed in Mule Creek State Prison ("MCSP"). ECF No. 1 at 1. He does not challenge that sentence here, but rather a disciplinary finding issued against him for committing an "illegal sexual act" in his cell on October 6, 2012, in violation of a state prison regulation. *Id.* at 9. He alleges that he was not afforded due process at the hearing held on the disciplinary charge, because: (1) he was denied witnesses; (2) he was denied an investigative employee; and (3) "time constraints were violated." *Id.* at 11. As punishment for the offense, petitioner was assessed a loss of 90-days good-behavior credit. *Id.* at 30.

**II. Respondent's Motion to Dismiss**

Respondent moves to dismiss the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases for failure to state a cognizable claim, arguing that the instant petition must be

1  dismissed because the court lacks jurisdiction over it.  Under Rule 4, the court may dismiss a
2  petition if it "plainly appears from the face of the petition and any attached exhibits that the
3  petitioner is not entitled to relief in the district court . . . ."  As a corollary to that rule, the court
4  may also consider a respondent's motion to dismiss, filed in lieu of an answer, on the same
5  grounds.  *See, e.g., O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to
6  evaluate a motion to dismiss for failure to exhaust state remedies); *White v. Lewis*, 874 F.2d 599,
7  602-03 (9th Cir. 1989) (using Rule 4 as the procedural vehicle to review a motion to dismiss for
8  state procedural default).

9        Respondent argues that petitioner's challenge to the disciplinary charge may not be
10 brought in habeas because success on this petition would not necessarily impact the duration of
11 petitioner's confinement.  Respondent contends that, because petitioner has passed his minimum
12 eligible parole date ("MEPD"), the loss of behavioral credits will not necessarily shorten his
13 sentence under California law; rather, the disciplinary finding challenged by petitioner will
14 simply be one of many factors considered by the parole board in determining petitioner's parole
15 eligibility at his next hearing (scheduled for 2021).

16       Petitioner does not dispute that invalidation of the disciplinary finding, referred to as a
17 Rules Violation Report "RVR", and restoration of his credits will not necessarily advance his
18 release date.  Accordingly, invalidation of the RVR may impact petitioner's release only in the
19 context of the parole board's consideration of its import in determining his suitability for parole.

20       The law regarding whether a prisoner may present a habeas challenge that may potentially
21 – but will not necessarily – shorten his confinement has been, for many years, unsettled.  In the
22 past, the undersigned has rejected the argument respondent presents here and concluded that
23 habeas jurisdiction exists when expunging the challenged disciplinary could *potentially* shorten
24 petitioner's sentence, and is not limited to cases in which expungement would *necessarily* shorten
25 his sentence, based on an exhaustive review of the relevant U.S. Supreme Court and Ninth Circuit
26 cases.  *Jackson v. Swarthout*, No. CIV S-10-0494, 2011 U.S. Dist. LEXIS 97713, at *4-27 (E.D.
27 Cal. Aug. 31, 2011).  That conclusion was undermined, however, by a contemporaneous Ninth
28 Circuit decision which appears to clarify (without discussion) prior circuit law based on then-

recent U.S. Supreme Court dicta. *Blair v. Martel*, 645 F.3d 1151, 1157-58 (9th Cir. 2011) (relying on *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 161 (2005), and *Skinner v. Switzer*, 562 U.S. 521, 131 S. Ct. 1289, 1298-99 & n.13 (2011)).

In *Blair*, the petitioner brought a federal habeas petition alleging that the California Supreme Court's delay in processing his criminal appeal deprived him of due process. *Id.* at 1157. He asked the federal court to issue an order to the state court to process the appeal. *Id.* The Ninth Circuit found that the federal courts lacked jurisdiction to issue such an order, because success on the petition would not necessarily imply the invalidity of petitioner's criminal conviction or necessarily spell speedier release. *Id.* In doing so, the court relied almost exclusively on dicta contained in the U.S. Supreme Court's opinion in *Skinner v. Switzer* without discussing prior U.S. Supreme Court or Ninth Circuit precedent.

*Skinner* was a § 1983 action for damages and not a habeas case. The inmate-plaintiff in *Skinner* sought to compel state authorities to test DNA evidence from his criminal case pursuant to a state statute. 131 S. Ct. at 1294-95. The state authorities argued that his civil rights action was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny. *Heck* dealt with what is commonly referred to as the "favorable termination rule" – the rule that a prisoner may not pursue a civil rights action that will necessarily imply that his conviction or sentence are invalid until he has had the conviction or sentence invalidated by some method (usually, through a writ of habeas corpus). 512 U.S. at 487. The Supreme Court in *Skinner* rejected the state authorities' *Heck* argument, because *Heck* and its progeny had held that the prisoner had to obtain a favorable habeas result only where success in the civil rights action would necessarily imply the invalidity of the sentence or conviction, and the results of the DNA testing would not necessarily be in the plaintiff's favor. 131 S. Ct. at 1298-99.

In *Skinner*, the Court emphasized the importance of the term "necessarily" in its prior cases dealing with the favorable termination rule. *Id.* Cases which necessarily imply the invalidity of the sentence or conviction are called "core" habeas cases, and the favorable termination rule applies only to such cases. *Id.* at 1298-99 & n.13. But the Court did not have occasion to rule on the availability of habeas relief, rather than a § 1983 civil rights action, in a

3

case that falls outside that core, such as this one, where success may lead to earlier release and yet it may not. The latter category will be referred to herein as a "non-core cases." Importantly, *Skinner* was not a case in which a prisoner sought a writ of habeas corpus in a matter that could potentially, but not necessarily lead to earlier release. Its holding pertains solely to when a § 1983 would be barred by the favorable termination rule of *Heck v. Humphrey*.

The Court in *Skinner* did drop some hints as to its position on non-core cases, though. It said, "Switzer has found no case, nor has the dissent, in which the Court has recognized habeas as the sole remedy, *or even an available one*, where the relief sought would neither terminate custody, accelerate the future date of release from custody, nor reduce the level of custody." *Id.* at 1299 (internal quotation marks omitted, emphasis added). And further, "[*Wilkinson v.*] *Dotson* declared . . ., in no uncertain terms, that when a prisoner's claim would not 'necessarily' spell speedier release, that claim does not lie at the core of habeas corpus, and may be brought, *if at all*, under § 1983." *Id.* n.13 (citing *Wilkinson v. Dotson*, 544 U.S. 74, 82 (majority opinion) and 85-86 (Scalia, J., concurring)). Through these statements the Court implied that the term *necessarily* cuts both ways: (1) where success in the civil rights action would necessarily require speedier release, habeas not § 1983 is the appropriate vehicle and (2) where success in the habeas action would not necessarily require speedier release, § 1983 is the appropriate vehicle.

*Dotson* appears less certain on this point. *Dotson* was another § 1983 case dealing with *Heck*'s favorable termination rule, and, just as in *Skinner*, the Court was not called upon to issue a holding regarding the availability of *habeas* in a non-core situation--where success may or may not lead to earlier release. 544 U.S. at 82-83. Rather, the case spoke to the availability of § 1983 in that situation. *Id.* As in *Skinner,* the Court held that § 1983 was available because success on the claims alleged would not necessarily lead to speedier release for the prisoners. *Id.* The Court simply noted that the case fell outside the core of habeas, and thus outside the favorable termination rule of *Heck*.[1] *Id.* It made no pronouncement on the availability of habeas in such a

---

[1] Justice Scalia, in his concurrence, did state his belief that habeas is only available where success in the case will lead to speedier release. 544 U.S. at 86-87 (Scalia, J., concurring). His concurrence was not joined by a Court majority.

4

case. Nevertheless, as discussed above, the Ninth Circuit has adopted the dicta in *Skinner* and held that federal courts lack habeas jurisdiction over such non-core cases. *Blair*, 645 F.3d at 1157-58. While the opinion in *Blair* provides little discussion of the reasoning for adopting that approach and apparently abandoning of prior cases (*see Bostic v. Carlson*, 884 F.2d 1267 (9th Cir. 1989) and *Docken v. Chase*, 393 F.3d 1024 (9th Cir. 2004), discussed in *Jackson v. Swarthout*, No. CIV S-10-0494, 2011 U.S. Dist. LEXIS 97713, at *4-27 (E.D. Cal. Aug. 31, 2011)), this court is bound to follow the Ninth Circuit's extension of *Skinner*. Accordingly, the motion to dismiss must be granted, as petitioner does not dispute that success on his claim will necessarily result in his earlier release.[2]

**III. Recommendation**

For the reasons stated above, it is hereby RECOMMENDED that respondent's July 14, 2014 motion to dismiss (ECF No. 11) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue

/////
/////
/////

---

[2] Petitioner argues only that the court has habeas jurisdiction because he is seeking to invalidate a "conviction" – that is, his RVR. The Supreme Court has made clear, however, that the "conviction" that matters for habeas jurisdiction is the criminal conviction and not some subsequent determination that the prisoner has committed a disciplinary infraction while in prison. *Muhammad v. Close*, 540 U.S. 749, 754-55 (2004).

5

in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  February 25, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE